*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
December 21, 2023

v

CODY ALLAN SPENCER,

Defendant-Appellant.

No. 364606
St. Clair Circuit Court
LC No. 22-000295-FH

Before: RIORDAN, P.J., and CAVANAGH and GARRETT, JJ.

GARRETT, J. (*concurring*).

The trial court's incessant interruptions and questioning during defendant's allocution constituted plain error, but defendant cannot establish that this error likely affected the outcome of sentencing. Accordingly, while I disagree with the majority's conclusion that defendant's right of allocution was not violated, I concur in its decision to affirm defendant's sentences.

## I. LEGAL BACKGROUND

The right of allocution—the defendant's opportunity to speak before the imposition of sentence—is rooted in the common law. *People v Petty*, 469 Mich 108, 119-120; 665 NW2d 443 (2003). In Michigan, that right is codified in our court rules, which require that the trial court give the defendant "an opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence . . . ." MCR 6.425(D)(1)(c). The trial court must "strictly comply" with this rule. *People v Kammeraad*, 307 Mich App 98, 149; 858 NW2d 490 (2014). Allocution has several purposes; among others, it allows the defendant to accept responsibility, speak in mitigation of the sentence, and ask for mercy. *Petty*, 469 Mich at 121. Importantly, "allocution is the *defendant's* opportunity to *address the court*, not the court's opportunity to conduct an interrogation or deliver a lecture." *People v Dixon-Bey*, 340 Mich App 292, 302; 985 NW2d 904 (2022). The trial court can disagree with the defendant's statements all it likes, but the time to "express its disbelief" is after allocution. *Id.* "During allocution, it must permit the defendant a meaningful opportunity to speak." *Id.*

A claimed violation of the right of allocution involves a question of law, which would generally be reviewed de novo. *Id.* at 296. As the majority notes, however, defendant did not

-1-

object at sentencing to the trial court's conduct during his allocution, so our review is limited to plain error affecting substantial rights. See *People v Bailey*, 330 Mich App 41, 66; 944 NW2d 370 (2019).[1] "To establish entitlement to relief under plain-error review, the defendant must establish that an error occurred, that the error was plain, i.e., clear or obvious, and that the plain error affected substantial rights." *People v Lockridge*, 498 Mich 358, 392-393; 870 NW2d 502 (2015). Even if a defendant satisfies these requirements, "[r]eversal is warranted only when the error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings independently of the defendant's innocence." *Id*. at 393.

## II. APPLICATION

The trial court interrupted or questioned defendant at least nine times during his allocution. A few of these interruptions were permissible, as they sought to clarify defendant's statements. See *Dixon-Bey*, 340 Mich App at 302 ("It would also have been appropriate for the court to interrupt for the purpose of seeking clarification of a defendant's statements."). But too many veered into displeasure with defendant's expressions of remorse or commentary on the court's view of defendant's culpability. For instance, after defendant stated that he had control and behavioral issues, the following exchange occurred:

> *The Court*. So now you're telling me you have these issues, you obviously knew you had them at the time.
>
> *Defendant*. I should have got help. I should have left her.
>
> *The Court*. And why didn't you? Why didn't you?
>
> *Defendant*. I didn't leave because of my son.
>
> *The Court*. I mean, you've assaulted this woman once before.
>
> *Defendant*. Um, not –
>
> *The Court*. You knew you had anger management issues. You knew you have impulse control issues. Why didn't you get help before this?

---

[1] Defendant states in his appellate brief, without citation to any legal authority, that the allocution issue was not required to be preserved in the trial court. This Court concluded otherwise in *Bailey*, 330 Mich App at 66, and in *Dixon-Bey*, 340 Mich App at 301, the defendant objected to the trial court's commentary during allocution, thus preserving the issue. I therefore agree with the majority's choice to apply plain-error review. While there may be a reasonable argument that traditional rules of preservation should not apply to a claimed violation of the right of allocution, see, e.g., *People v Cain*, 238 Mich App 95, 129; 605 NW2d 28 (1999) (noting that a criminal defendant need not take any special steps to preserve a challenge to the proportionality of a sentence), that argument has not been developed in this case.

*Defendant.* I thought I could do it [on] my own. I suppose. Um, I, I just wanted [to] make one thing clear that I've never been violent with my children.

*The Court.* Doesn't matter.

*Defendant.* And my – okay. Um, and –

*The Court.* You've only been violent with the mother of your child.

*Defendant.* I, I understand that. She's, um, I'm sorry. I, I don't want to leave my son for five years and I'm a good father and he –

*The Court.* No you're not. You beat up his mother.

In my view, it is clear and obvious that the trial court did not strictly comply with MCR 6.425(D)(1)(c) when it continuously interrupted defendant. The sentencing transcript reads more like a cross-examination than an allocution.[2] While "a single interruption, where a defendant otherwise receives a reasonable opportunity to speak, does not deprive the defendant of the right of allocution," *Dixon-Bey*, 340 Mich App at 302, the circumstances here far exceeded that scenario. The trial court repeatedly questioned defendant in a manner that suggested disbelief with his statements and that deprived him of his right to meaningfully inform the court of circumstances that it should consider when imposing sentence. Again, the trial court's opportunity to lecture defendant was after, not during, his allocution. *Id*. I would therefore conclude that defendant established plain error by the trial court.[3]

Still, defendant must also show that the plain error affected his substantial rights; that "generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Lockridge*, 498 Mich at 393. Under the circumstances, I cannot conclude that defendant has met this burden. Although the trial court plainly erred, when defendant was able to speak, he expressed remorse and asked the court for leniency so that he would not lose his son. In that respect, this case is less egregious than *Bailey*, 330 Mich App at 67, where the trial court interrupted the defendant's allocution almost immediately and proceeded to impose sentence without providing any other opportunity for the defendant to speak. This Court concluded that the trial court's plain error "likely affected the outcome of the proceedings in that [the defendant] was

---

[2] For good measure, when it appeared that defendant's interrupted statement was complete, the trial court stated, "I've got the floor and I don't want to hear anything else out of you."

[3] The majority opinion overemphasizes the absence of a hyphen in the sentencing transcript to conclude that defendant completed his allocution early on when stating that his "behavior was absolutely unacceptable." Defendant began his allocution by saying, "I'd first like to apologize." When the trial court asked, "[t]o whom," defendant responded with the language cited by the majority as the completion of his allocution. Defendant's statement that he'd *first* like to apologize, and his response to the trial court about who the apology was for, reasonably suggest that defendant had more to say. If there was nothing coming "second," there would be no reason to say "first."

not given an opportunity to inform the trial court of 'any circumstances' that he believed the trial court should consider when crafting and imposing the sentence." *Id*.

In this case, unlike in *Bailey*, defendant was able to share some circumstances for the court to consider. That is, although defendant lacked a meaningful opportunity to allocute, that opportunity was not completely denied like in *Bailey*. The record also evinces that the trial court was unpersuaded by the limited information defendant shared to the court, including his plea for leniency to minimize the time away from his son. After defendant spoke, the trial court admonished him for focusing on himself and not on the victim, then sentenced him in accordance with the recommendation of the probation department. On this record, I cannot conclude that, had defendant received a meaningful opportunity to allocute, the trial court would have likely imposed a different sentence. For that reason, I agree that defendant is not entitled to resentencing and so concur in the result.

/s/ Kristina Robinson Garrett